**Jerome T. SCAIFE, Plaintiff,**

v.

**G. WILSON, et al., Defendants.**

**No. 92–3451–DES.**

United States District Court, D. Kansas.

Aug. 31, 1994.

Jerome T. Scaife, pro se.

John J. Knoll, Office of the Atty. Gen., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

Plaintiff proceeds pro se and *in forma pauperis*, 28 U.S.C. § 1915, on a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action while confined in El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas. Plaintiff seeks damages on his claim that he was denied due process in a prison disciplinary proceeding at EDCF.

Before the court is defendants' motion for summary judgment. Plaintiff has filed no response to defendants' motion, thus defendants' motion will be considered and decided as an uncontested motion. D.Kan.Rule 206(g). All facts as alleged by defendants are deemed admitted for purposes of this motion. D.Kan.Rule 206(c). The court has reviewed the record and has determined that a factual basis exists to support defendants' recitation of the facts in this case. For the reasons set forth below, the court finds defendants are entitled to summary judgment on all of plaintiff's claims.

Plaintiff was placed in administrative detention on July 20, 1993, for failing to comply with an order that he provide a urine sample for drug testing. The administrative detention report issued the same day erroneously stated that plaintiff was placed in administrative detention for testing positive for drugs. The disciplinary report, also issued the same day, accurately stated that plaintiff was charged with disobeying an order, K.A.R. 44–12–304, Pursuant to EDCF policy at the time, inmates asked to provide urine samples were first searched thoroughly, including a visual search of the groin area. Any inmate failing to provide a urine sample was placed in administrative detention to allow continuous observation of the inmate. The inmate was given 16 ounces of water to drink, and advised that failure to provide a urine sample within two hours would result in disciplinary action for refusing to obey an order.

*Inconsistency in the reports*

█ The court first notes that plaintiff fails to demonstrate what if any injury re-

sulted from the inconsistency between plaintiff's administrative segregation report and his disciplinary report. Second, plaintiff does not contest information in the record indicating the inconsistency in the reports resulted from a breakdown in communication between prison staff. Such negligence is not actionable under § 1983. *Daniels v. Williams,* 474 U.S. 327, 328–31, 106 S.Ct. 662, 663–65, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). *See Bryson v. City of Edmond,* 905 F.2d 1386, 1390 (10th Cir.1990) (more than mere negligence required for constitutional deprivation in civil rights action).

### Testing procedure

 Plaintiff complains the testing procedure, with its strip search and continuous observation, is unnecessary and constitutes harassment. Plaintiff does not contest defendants' assertion that the random drug testing was conducted as a prison security measure. Again, the court finds no claim of constitutional deprivation. It is recognized that even body cavity searches may be conducted without probable cause or reasonable suspicion if conducted in prison as a security measure. *Bell v. Wolfish,* 441 U.S. 520, 546, 99 S.Ct. 1861, 1877, 60 L.Ed.2d 447 (1979). Likewise, random urine testing in a prison drug surveillance program does not impermissibly impact upon a constitutionally protected interest. Nor does such random urine testing constitute cruel and unusual punishment.

### Disciplinary hearing

 Because plaintiff was charged with a Class I disciplinary offense, prison regulations provide that the reporting officer be present at the hearing to give testimony. In the present case, plaintiff does not contest that the reporting officer was no longer employed by Kansas Department of Corrections at the time of plaintiff's disciplinary hearing. Plaintiff was found guilty on the basis of the reporting officer's sworn statement and upon plaintiff's testimony. Under the circumstances, and where plaintiff alleges no prejudice from the officer not being present, the court finds plaintiff was not denied due process in the disciplinary proceeding.

### Loss of good time

 Plaintiff was sanctioned to 15 days of solitary confinement for refusing to provide a urine sample for drug testing. Plaintiff indicates that three months later he additionally lost 30 days of good time, implying this loss was an additional disciplinary sanction imposed without due process.

The record reflects that inmates are awarded up to 120 days of good time credit on a quarterly basis, at the discretion of the Principal Administrator and on the recommendation of the Unit Team Manager. K.A.R. 44–6–120. Prison regulations provide that inmates convicted of a class I offense during the quarter can lose up to 50% of the good time credits available for that quarter. It is clear that the loss of good time credit petitioner points to in this case resulted from application of these prison regulations. Plaintiff lost no good time credit already credited. Instead, plaintiff's disciplinary conviction had an adverse impact on the discretionary award of future good time credit. The court finds no violation of plaintiff's constitutional rights imbedded in plaintiff's claim.

### Conclusion

Finding no material fact in controversy, and given the findings entered hereinabove, the court concludes defendants are entitled to judgment as a matter of law on all claims raised by plaintiff.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment is granted, and that all relief requested by plaintiff is denied.